# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CRYSTAL GAIL WATERMAN,**

      **Plaintiff,**

    vs.                                      Case No.:  2:16-cv-59
                                                          JUDGE GEORGE C. SMITH
                                                          Magistrate Judge Kemp

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

On January 30, 2017, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Plaintiff's statement of errors be overruled and that judgment be entered in favor of the Defendant, the Commissioner of Social Security.  (*See Report and Recommendation*, Doc. 20).  This matter is now before the Court on Plaintiff's Objections to the Magistrate Judge's *Report and Recommendation*.  (Doc. 21).  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

Plaintiff's objection restates the exact argument she made in her Statement of Errors, that the ALJ failed to afford her with a "full and fair hearing by failing to solicit medical interrogatories from an ophthalmologist."  (Pl.'s Obj. at 2).  Plaintiff argues that the Magistrate Judge failed to address her underlying argument.  Specifically, she states that in this case, "the ALJ created an obligation by soliciting expert testimony and then failed to fulfill the obligation when the expert's answers to interrogatories were incomplete.  It was this that [sic] failure to follow through on a recognized lack in the record that resulted in the insufficiency of the ALJ's decision."  (*Id.*).

The Court has carefully considered Plaintiff's objection, but finds that there is sufficient evidence supporting the findings of the ALJ and the Magistrate Judge.  The Court agrees with the Magistrate Judge's analysis of the issues raised.  The Magistrate Judge in his *Report and Recommendation* provided a well-reasoned explanation as to why the ALJ's decision should be affirmed, specifically that the ALJ did not need medical expertise to evaluate Plaintiff's visual residual functional capacity.  The Court does not find any error by the ALJ in obtaining the additional records and supplementing the record.  The ALJ initially concluded that a medical opinion was needed and interrogatories were sent to Dr. Richards.  His first response was that the records were not complete enough to express an opinion.  His second response after reviewing additional records was that Plaintiff equaled the Listing for multiple sclerosis as of April 1, 2013, but not before.  Plaintiff has been found disabled as of April 1, 2013.  There was no requirement that the ALJ obtain any additional medical records other than those already obtained.

Based on the aforementioned and the detailed *Report and Recommendation*, the Court finds that Plaintiff's objection has been thoroughly considered and is hereby **OVERRULED**.  Accordingly, the *Report and Recommendation,* Document 20, is **ADOPTED** and **AFFIRMED.**  Plaintiff's Statement of Specific Errors is hereby **OVERRULED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

The Clerk shall remove Documents 20 and 21 from the Court's pending motions list, and enter final judgment in favor of Defendant, the Commissioner of Social Security.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**